Nash, J.
 

 The writ in this case was served on the defendant on the 26th of April.' The defendant pleaded in .abatement, that, at the time of the service of the writ, he was attending his duty at a muster, .as an officer of the militia, in the town of Salisbury, when the writ was executed. To this plea the plaintiff demurred. On the argument, it was insisted by the plaintiff, that the matter set forth in the plea could not be taken advantage of by a plea in abatement; but was proper only to set aside the return, for the reason, that such a plea went to the writ, and the complaint here was of the service.
 

 In this we think there was error. The Act of Assembly, under which the defence is offered, expressly provides for this case. Rev. St. ch. 31. By the 32rd section it is provided, how writs and other process, except subpoenas, shall be executed and returned. The concluding paragraph of that section is as follows: “all process made re
 
 *275
 
 turnable at any other term, or executed at any other time or in any other manner, than is by this act directed, shall be adjudged void on the plea of the defendant.” The 58tii section of the same act directs, “It shall not be lawful for any sheriff, or other officer, to execute any writ or other process, on a Sunday, or upon any person attending his duty at a muster of the militia,” &c. The law of the land, with regard to the militia, compels, under heavy penalties, all persons, who are liable to perform militia duty and have been properly enrolled, to attend musters; and the act we are considering protects them from arrest, while they are in the performance of this duty. The officers of the law are forbidden to execute writs in civil cases upon a militia man, while so engaged. The time, then, when this writ was executed, was in violation of the law ; and the 53rd section directs, that the defendant shall avail himself of it by a plea. That the defendant was within the protection of the law is admitted by the demurrer. Whether, under the Act of 1836, he could have availed himself of the objection by a motion to dismiss, it is not necessary to decide.
 

 The decision below is erroneous and must be reversed.
 

 Pbr Curiam. Demurrer overruled and judgment for the defendant.